# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 3, 2020

```
* * * * * * * * * * * * *
MAESON DERR,                      *    No. 18-751V
                                  *    Special Master Sanders
            Petitioner,           *
                                  *    UNPUBLISHED
v.                                *
                                  *
SECRETARY OF HEALTH               *    Attorneys' Fees and Costs
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Christine M. Becer, United States Dep't of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On May 29, 2018, Georgia Derr filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her then-minor child, Maeson Derr ("Petitioner").[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that she suffered an adverse reaction to the human papillomavirus vaccination she received on June 2, 2015. On August 10, 2020, Petitioner filed an unopposed motion for a decision dismissing her petition, and on August 10, 2020, the undersigned issued her decision dismissing the petition for insufficient proof. ECF No. 56.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 27, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 61 ("Fees App."). Petitioner requests total final attorneys' fees and costs in the amount of $40,096.78, representing $36,560.50 in attorneys' fees and $3,536.28 in attorneys' costs. Fees App. at 5. Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out of pocket costs. *Id.* Respondent responded to the motion on September 10, 2020, stating that Respondent "defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 62. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a.    Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Andrew Downing, $350.00 per hour for work performed in 2016, $375.00 per hour for work performed in 2017, and $385.00 per hour for work performed in 2018-2020; and for Ms. Courtney Van Cott, $195.00 per hour for work performed in 2017, $205.00 per hour for work performed in 2018-2019, and $275.00 per hour for work performed in 2020. These rates are consistent with what Mr. Downing and Ms. Van Cott have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein. *See, e.g., Olschansky v. Sec'y of Health & Human Servs.*, No. 17-1096V, 2020 WL 1027681 (Fed. Cl. Spec. Mstr. Feb. 21, 2020).

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review of the submitted billing records, the undersigned finds the time billed by Mr. Downing and Ms. Van Cott is reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, a reduction is necessary due to excessive paralegal time billed. Paralegals billed time on administrative tasks such as filing documents. Paralegal time was also excessive for review of and for preparing and receiving correspondence. These issues have previously been raised with the Van Cott & Talamante firm. *Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Human Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Upon review, a reasonable reduction for these issues is $1,000.00. Petitioner is therefore awarded final attorneys' fees of $35,560.50.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,536.28 in attorneys' costs, comprised of acquiring medical records, postage, and work performed by petitioner's medical expert, Dr. Mitchell Miglis. Fees App. at 41-43. Petitioner has provided adequate documentation of all these expenses and they appear reasonable for the work performed in this case.[4] Petitioner is therefore awarded the full amount of costs sought.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] In finding the requested costs reasonable, the undersigned is not making any determination as to the reasonableness of the hourly rates of Petitioner's medical expert in all cases. Rather, the undersigned is ruling that the requested amount is reasonable in light of the work performed in this case.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $36,560.50 |
| (Reduction to Fees) | - ($1,000.00) |
| **Total Attorneys' Fees Awarded** | **$35,560.50** |
| | |
| Attorneys' Costs Requested | $3,536.28 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,536.28** |
| | |
| **Total Attorneys' Fees and Costs** | **$39,096.78** |

**Accordingly, the undersigned awards a lump sum in the amount of $39,096.78, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.